# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES,<br><br>Plaintiff,<br><br>v.<br><br>MARQUEZ, et al.,<br><br>Defendants. | Case No. 1:13-cv-01502-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**AMENDED PLEADING DUE IN THIRTY DAYS** |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court for screening is Plaintiff's complaint filed on September 17, 2013. For the reasons set forth below, the Court finds the complaint fails to state a cognizable claim and ORDERS it DISMISSED, albeit with leave to amend.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff complains that Defendants Fresno County Sheriff Officer Marquez and the Fresno County Jail Medical Department failed to respond to his requests for medical care for injuries suffered in an August 14, 2013 fall in his cell.

Plaintiff seeks "the job of [Defendant] Marquez" and monetary damages. (ECF No. 1 at § IV.)

### IV. THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

#### A. The Fresno County Jail Medical Department is not Amenable to Suit

The Fresno County Jail and its medical department is operated by a subdivision of the County of Fresno and is not considered a "person" for purposes of § 1983. The term "persons" encompasses state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law and local governmental entities. Vance v. Cnty. of Santa Clara, 928 F.Supp. 993, 995–96 (N.D. Cal. 1996); see also Brockmeier v. Solano Cnty. Sheriff's Dep't, 2006 WL 3760276, *4 (E.D. Cal. Dec.18, 2006) (dismissing Sheriff's Department as an improperly named defendant for purposes of § 1983).

Plaintiff may not attribute liability to groups generally. See Chuman v. Wright, 76 F.3d 292, 294–95 (9th Cir. 1996) (holding instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper). Thus, Plaintiff's claim against the Fresno County Jail Medical Department is not cognizable under § 1983.

#### B. The Complaint Fails to State a Claim under *Monell*

A claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007), citing Monell v. Dept. of Social Services, 436 U.S. 658, 694–695 (1978). Here, Plaintiff does not allege facts to support a claim that an alleged federal violation was the result of a deliberate policy, custom or practice instituted by

Fresno County. Plaintiff's complaint fails to state a cognizable claim as to Fresno County.

Before filing an amended complaint, Plaintiff should review the standard set forth above and determine whether he will be able to state a claim against Fresno County. If he is unable to do so, he may nevertheless try to allege claims against specific individuals in the Fresno County Jail who he believes violated his rights.

### C.     **The Complaint Fails to State a Medical Claim**

Plaintiff has not alleged facts suggesting a federal claim arising from alleged failure to treat his injuries. [T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). This requires Plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

Plaintiff does not allege a serious medical need. He does not describe the nature and extent of his August 14, 2013 injuries. He does say he had pins in his right leg as a result of an earlier surgical fixation and that he "hurt" the leg when he fell from his upper bunk. He does not explain the injury further. He does not specify the diagnosis given, what symptoms and limitations he suffered as a result, or what assistance he sought from medical staff. The Court can not determine from the information provided whether this condition presents a serious medical need. See McGuckin, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment.").

Even if Plaintiff had alleged a serious medical need, nothing in his pleading suggests a deliberately indifferent or medically unacceptable response which caused further harm. The pleading does not reflect that Defendant Marquez was in fact made aware of the fall and injury; the allegation that Plaintiff tried, but was unable, to get Marquez' attention following the fall suggests she was not made aware. The grievances attached to the pleading reflect on their face that they were responded to, i.e., they were reviewed, although apparently not resolved at that level. Nothing suggests Plaintiff sought further review.

Plaintiff claims neglect. But merely negligent treatment does not necessarily constitute indifference. See Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06 (mere 'indifference,' 'negligence', or 'medical malpractice' will not support medical indifference claim). Nor is Plaintiff's personal belief or opinion as to his condition and treatment needs. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (a difference of opinion between inmate and medical provider will not support medical indifference absent showing of medically unacceptable treatment).

Plaintiff does not allege indifferent or medically unacceptable treatment of a serious medical condition. If Plaintiff chooses to amend, he must allege that named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . .", Farmer v. Brennan, 511 U.S. 825, 837 (1994), causing harm.

## V.  **CONCLUSION AND ORDER**

Plaintiff's complaint does not state a claim for relief under § 1983. The Court will grant an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to state a claim that is plausible on its face." Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each

5

named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his complaint filed September 17, 2013;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, it is recommended that this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes"

5.  provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   September 23, 2013          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE