**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARQUEZ, et al.,<br><br>　　　　　Defendants. | Case No.  1:13-cv-01502-MJS (PC)<br><br>**ORDER DENYING MOTION FOR MEDICAL RECORDS**<br><br>**(ECF No. 11)**<br><br>**CLERK TO COPY FRESNO COUNTY SHERIFF'S OFFICE WITH ORDER** |

　　　Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion to have the Court order the Fresno County Jail to release his medical records to him.

　　　This matter is in the screening phase. The Court has not yet determined whether the complaint states a cognizable claim that may be pursued.

　　　The basis for Plaintiff's motion is unclear. If it is intended to be a discovery motion, it is premature. Discovery is not yet open. (ECF No. 3 at 4:16-18.) "No discovery may be initiated until the Court issues a discovery order or otherwise orders that discovery begin." (Id.) If this matter proceeds to the discovery phase, Plaintiff will have opportunity to seek production of documents, including medical records, from Defendant and to seek relief from the Court if Defendants wrongfully deny discovery.

　　　If Plaintiff is seeking  production of records as injunctive relief, he has not shown

1

the existence of any of the criteria for such relief, i.e., (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in Plaintiff's favor. Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

Plaintiff has not yet stated any cognizable federal claim. He identifies no hardship he might suffer absent injunctive relief. Nothing before the Court suggests a present need for and entitlement to injunctive relief.

Accordingly, for the reasons stated, Plaintiff's motion that the Fresno County Jail provide his medical records is DENIED without prejudice.

Having so ruled, the Court nevertheless questions if and why the County Jail would not be willing to provide a copy of Plaintiff's own medical records to him, i.e., why Plaintiff would not be entitled to his own medical records. The Fresno County Sheriff or his/her designee is requested to inquire of jail staff as to whether and how Plaintiff might obtain a copy of his jail medical records. The Clerk of the Court is directed to serve a copy of this order on the Fresno County Sheriff's Office, Attn: Capt. Neil Dadian, Detention Bureau, 2200 Fresno Street, Fresno, CA 93721.

IT IS SO ORDERED.

Dated:   November 23, 2013           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

2