# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES,<br><br>        Plaintiff,<br><br>   v.<br><br>MARQUEZ, et al.,<br><br>        Defendants. | Case No. 1:13-cv-01502-MJS (PC)<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY HIS IN FORMA PAUPERIS STATUS SHOULD NOT BE REVOKED**<br><br>**(ECF No. 4)**<br><br>**TWENTY-ONE DAY DEADLINE** |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 18, 2013, the undersigned issued an order granting Plaintiff's application to proceed in forma pauperis ("IFP"). This matter is in the screening phase.

## I.    LEGAL STANDARD

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] 28 U.S.C. § 1915(g).

---

[1] "This subdivision is commonly known as the three strikes provision. Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim. Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed in forma pauperis. See *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

A court may raise the issue of strikes sua sponte. *Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011).

## II.   ANALYSIS

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. A review of Plaintiff's litigation history reveals that while incarcerated he filed four actions that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted.

Determining whether Plaintiff's actions count as strikes under § 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews*, 398 F.3d at 1121.

The Court takes judicial notice of the following cases which count as strikes:[2] 1) *Dynes v. Kern County Superior Court*, 1:07-cv-01599 AWI TAG (E.D. Cal.) (dismissed January 18, 2008 for failure to state a claim; no appeal taken); 2) *Dynes v. Fresno County Superior Court*, 1:07-cv-01659 AWI BLD (E.D. Cal.) (dismissed April 14, 2008 for failure to state a claim; no appeal taken; 3) *Dynes v. Tehachapi Correctional Institution*, 2:07-cv-05672-UA-VBK (C.D. Cal. Sept. 19, 2007) (denying Plaintiff in forma pauperis status and dismissing the action on September 19, 2007 for failure to state a claim; no appeal taken); and 4) *Dynes v. Garcia*, 2:11-cv-01682 ROS LOA (D. Ariz.) (dismissed September 30, 2011 for failure to state a claim; no appeal taken).

These strikes were final before Plaintiff filed this action on September 17, 2013. Plaintiff does not demonstrate that he faced imminent danger of serious physical injury at the time he filed this action. To meet the imminent danger exception, the threat or prison condition must be real and proximate, *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and the danger of serious physical injury must exist at the time the complaint is filed. *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Andrews v. Cervantes*, 493 F.3d

---

[2] *United States ex. Rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

1047, 1053-55 (9th Cir. 2007).

Plaintiff alleges Defendants retaliated against him by refusing to process his legal mail and medical service request slips, by serving him cold meals, by housing him in a cold cell and by denying him family visits. However, Plaintiff provides no other information that would enable the Court to evaluate these alleged adverse actions. He does not explain what, if any, risk of danger and serious injury he faced from Defendants' alleged conduct. His allegations simply do not demonstrate that at the time he filed this action he was under imminent danger of serious physical injury. *See Ciarpaglini*, 352 F.3d at 331(vague and conclusory assertions not sufficient to show imminent danger).

Though the imminent danger exception may be satisfied where a danger is alleged to be ongoing, see *Tierney v. Alo*, - - - F.2d - - - -, 2012 WL 622238 at *2 (D. Hawai'i February 24, 2012), citing *Andrews*, 493 F.3d at 1056, the pleading does not demonstrate any serious physical danger to Plaintiff and does not meet the "ongoing danger" standard and imminence prong of the three-strikes exception. See *Andrews*, 493 F.3d at 1056-57; *Childs v. Miller*, 713 F.3d 1262, 1267 (10th Cir. 2013) (specific and credible allegations of imminent danger of serious physical injury are required).

**III.   ORDER**

Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1. Plaintiff shall, within twenty-one days of service of this Order, show cause why his in forma pauperis status should not be revoked, or pay the $400 filing fee in full, and

2. If Plaintiff fails to comply with this Order, the action will be dismissed.

IT IS SO ORDERED.

Dated:   July 12, 2014                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE